Dear Superintendent Picard:
Your opinion request has been forwarded to me for research and reply. You requested an opinion of this office concerning whether charter schools can be required to provide the Department of Education ("DOE") with budgetary information, including salaries. It is the opinion of this office that the DOE does have the authority to require all charter schools to submit budgetary information, including information on employee salaries.
La. R.S. 17:3996(G) provides that Types 1, 3, and 4 charter schools must annually submit a budget to the local school board that approved the charter and such board must present the budget to the State Superintendent of Education ("Superintendent"). Furthermore, each Type 2 and Type 5 charter school must annually submit a budget directly to the Superintendent. La. R.S. 17:24 states that the Superintendent is the administrative head of DOE; thus, it is reasonable to interpret the law to mean that a charter school must submit its budget to the DOE.
Moreover, La. R.S. 17:3996(G) also provides that charter schools must comply with the provisions of La. R.S. 39:1301 et seq., which is entitled the Louisiana Local Government Budget Act. La. R.S. 17:3996(G) provides which state entities must receive the budget, while La. R.S.39:1301 et seq., provides what information must be contained in the budget. According to La. R.S. 39:1305(A), each charter school must prepare a comprehensive budget with a complete financial plan for each fiscal year for the general fund and for each special revenue fund. La. R.S. 39:1305(C) provides that the budget must include a budget message signed by the budget preparer with a summary description of the proposed financial plan, policies and objectives. The plan must also include a statement for the general fund and for each special revenue fund showing the estimated fund balances at the beginning of the year, estimates of all receipts and revenues to be received, revenues itemized by source, and recommend expenditures itemized by agency, department, function and character. Moreover, the charter contracts for Types 2, 4 and 5 charter schools specifically require the schools to timely supply all reports and information required under the contract, state law, and Board of Elementary and Secondary Education policy. Thus, it can reasonably be interpreted that all charter schools are required to submit specific budgetary information to the DOE.
In addition, your request asked whether the DOE has the authority to require schools to submit information regarding employee salaries. It is the opinion of this office that charter schools must submit this information because charter schools are subject to the Public Records Doctrine. See La. R.S. 17:3996(B)(10). Article 1, Section 5 of the Louisiana Constitution of 1974 guarantees the right of privacy to the citizens of Louisiana. However, balanced against this concern for the privacy of individuals is the concern that the actions of the government be open and accessible to the public. La. Const. art XII, § 3 addresses this concern by stating "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public records, except in cases established by law."
The Public Records Act was enacted to effectuate this constitutional mandate. La. R.S. 44:1(A)(2)(a) defines "public records" as:
 "[a]ll books, records, writings, accounts, [. . . ] papers, and all copies, [. . . ] or other reproductions thereof, or any other documentary materials [. . . ] having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of the state."
Records containing the name and salary of a public employee are public records and the public employee is not entitled to privacy rights as it relates to this information; therefore, the information may be disclosed. La. Atty. Gen. Op. No. 81-353 and La. Atty. Gen. Op. No. 89-187. La. R.S. 17:3997(A)(3) states that employment in any charter school will generally be deemed to be employment in a public elementary or secondary school in the state. Thus, because a charter school employee is classified as a public employee, his or her salary information may be disclosed. Moreover, because there is no prevailing privacy interest which would exempt this information from being released, coupled with DOE's authority to review such information, it is the opinion of this office that budgetary information must be disclosed. In conclusion, it is the opinion of this office that charter schools are required to provide budgetary information, including specific information relating to employee salaries, to the DOE.
 With best regards,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_______________________
 Cherie A. Lato
 Assistant Attorney General
 CCF, Jr.:CL